UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRENCE KNIGHT BENOIT** <br> LA. DOC #489486 <br> VS. <br><br> **WARDEN BURL CAIN** | **CIVIL ACTION NO. 6:09-2094** <br><br> **SECTION P** <br><br> **JUDGE HAIK** <br><br> **MAGISTRATE JUDGE HILL** |

**ORDER**

Before the court are the following pleadings which were filed by *pro se* petitioner, Terrence Knight Benoit, as attachments to his petition for writ of federal *habeas corpus* relief: (1) "Affidavit[s] for Warrant To Arrest Equal Justice Under the Laws", alleging facts which purport to show that Benoit was unlawfully arrested and his residence unlawfully searched [rec. doc. 1, pp. 23-28]; (2) "Petition for Production of Documents Equal Protection Under the Law", interrogatories and requests for admission, which purport to seek discovery of the facts and evidence used to convict Benoit [*Id*. at pp. 29-46]; (3) a "Special Citation", seeking the arrest of the police officers who arrested Benoit in November 2004 and other individuals who thereafter acted in some way to incur petitioner's wrath [*Id*. at pp. 47-50]; and (4) a "Writ of Review Equal Protection Under the Law", seeking the release of all property seized from Benoit's residence at the time of his arrest and thereafter [*Id*. at pp. 51-57]. On January 6, 2010 petitioner re-submitted each of the foregoing documents. [rec. doc. 5]. While the Clerk has not filed these pleadings as Motions, to the extent that Benoit seeks a ruling on these pleadings, for the following reasons, they are **denied**.

To the extent that Benoit seeks the arrest and prosecution of police officers or others, he has cited no federal statute or constitutional right that would entitle him to force either Louisiana or federal authorities to criminally prosecute those individuals. The decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have the right to compel criminal prosecution. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (there is no constitutional right to have someone investigated or criminally prosecuted). Furthermore, the relief sought in these pleadings is unavailable in a *habeas corpus* action.

While the Court has the authority to permit discovery pursuant to the Federal Rules of Civil Procedure in a *habeas* action, there is no express requirement mandating discovery. *See* Rule 6, Rules Governing Section 2254 Cases in the United States District Court. The undersigned has, this date, recommended that this petition be dismissed without prejudice as a second or successive petition filed without proper authorization form the circuit court. In light of that recommendation, the undersigned concludes that petitioner is not entitled to utilize discovery herein.

Finally, to the extent that petitioner seeks return of property seized by the police in conjunction with his arrest and prosecution, such relief is not available in a civil action seeking *habeas corpus* relief. Further, the disposition of property seized in connection

with criminal proceedings in Louisiana is governed by State law. *See* La. R.S.15:41.

Signed in Chambers, Lafayette, Louisiana, on March 9, 2010.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE